IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL MOMENT, #371430
Petitioner

v.

JOSEPH PHILIP MORGAN, Warden, et al.
Respondents

Civil Action No. WDQ-13-3338

## MEMORANDUM

Respondents move for dismissal of Michael Moment's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 for failure to exhaust available state court remedies and Moment has replied. No hearing is necessary. *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts; Local Rule 105.6; *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (a petitioner is not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the following reasons, the Petition will be dismissed without prejudice.

## BACKGROUND

This Petition challenges Moment's conviction in 2011 by a Circuit Court for Montgomery County jury for intimidating or corrupting an officer of the court and threatening a state official. Moment was sentenced to 20 years of incarceration, with all but five years suspended, to be followed by five years of probation. ECF 4, Exhibits 1 and 2.

Moment raised the following questions in his direct appeal to the Court of Special Appeals of Maryland: (1) Did the trial court err in failing to conduct a competency evaluation as required by statute; (2) Did the trial court commit plain error by allowing the State to repeatedly elicit and introduce prejudicial and inadmissible evidence throughout the trial; and (3) Was the

evidence legally insufficient to support Appellant's convictions. *Id.* Exhibit 2, at 2, Exhibits 3 and 4.

On August 19, 2013, Moment's conviction was affirmed by the Court of Special Appeals. Moment, by his counsel, filed a Petition for Certiorari in the Court of Appeals of Maryland, which raised the following claims:

1. Did defense counsel trigger the competency statute, requiring the trial court to make a proper competency determination pursuant to §3-104 of the Criminal Procedure Article of Maryland's Annotated Code and as a matter of due process, when he informed the court that he was concerned that Petitioner "may not be in a particularly good position, psychologically," to make the decision to fire counsel; where defense counsel informed the court that it would be appropriate for the court to get some more information about Petitioner's competency; and where defense counsel joined the State's pre-trial motion for a competency evaluation of the Petitioner?

2. Was the trial court required to explicitly state on the record its determination regarding Petitioner's competency to stand trial or does an implicit determination suffice for purposes of compliance with §3-104 of the Criminal Procedure Article of Maryland's Annotated Code and the requirements of due process?

3. Did the Court of Special Appeals err in holding that the trial court "implicitly determined" that Petitioner was competent to stand trial when it permitted him to discharge counsel and proceed to represent himself at trial?

4. Did the Court of Special Appeals abuse its discretion in declining to recognize plain error where the trial court conducted the trial in such a manner that allowed repeated, flagrant, and extremely prejudicial violations of the Rules of Evidence by the State, where Petitioner was unrepresented by counsel, and where such error undoubtedly deprived Petitioner of a fair trial?

*Id.* Exhibit 5. The Petition for Writ of Certiorari is pending in the Court of Appeals.[1]

On March 5, 2012, Moment filed for post-conviction relief in the Circuit Court for Montgomery County. *Id.* Exhibit 1 (Docket No. 169). Moment states that his state post-conviction petition claims that the indictment was defective, the trial judge did not have

---

[1] Court staff has confirmed the Petition for Writ of Certiorari is pending.

2

jurisdiction over his case, and the trial court did not follow the rules established by the State and the Constitution. ECF 1 at 3. In August of 2012, the Circuit Court for Montgomery County transferred venue to the Circuit Court for Prince George's County for a hearing. ECF 4, Exhibit 1 (Docket Nos. 173 & 183). A hearing has yet to be scheduled in Moment's post-conviction case.[2]

## CLAIMS PRESENTED

In his federal petition for habeas corpus relief, Moment claims that he is detained unlawfully and in support avers that: (A) "The indictment filed on February 4, 2011, by the State was a false bill;" (B) "The trial judge did not have jurisdiction to p[re]side over Petitioner criminal trial;" and (C) "The trial court fail[ed] to appoint/assigned counsel and follow the mandatory rules and laws of the State of Maryland & United States Constitution." ECF 1 at 5-8.

## DISCUSSION

When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. *See* 28 U.S.C. § 2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 839, 119 S. Ct. 1728, 1730, 144 L. Ed. 2d 1 (1999). For a person convicted of a criminal offense in Maryland this may be accomplished either on direct appeal or in post-conviction proceedings. *See, e.g., Walker v. Pepersack*, 316 F.2d 119, 123 (4th Cir. 1963); *Anthony v. Schuppel*, 86 F. Supp. 2d 531, 536 (D. Md. 2000).

To exhaust a claim on direct appeal in non-capital cases, it must be raised in an appeal, if one is permitted, to the Maryland Court of Special Appeals and then to the Maryland Court of Appeals by way of a petition for writ of certiorari. *See* Md. Code Ann. Cts. & Jud. Proc., §§ 12-201, 12-301.

---

[2] See http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=117643C&loc=68&detailLoc=MCCR.

If an appeal of right is not permitted, as when a guilty plea is entered, exhaustion can be accomplished by filing an application for leave to appeal to the Court of Special Appeals. *See id.* § 12-302(e). If the Court of Special Appeals denies the application, there is no further review available, and the claim is exhausted. *See id.* § 12-202. However, if the application is granted but relief on the merits of the claim is denied, a petitioner must file a Petition for Writ of Certiorari to the Court of Appeals. *See Williams v. State*, 292 Md. 201, 210-11 (1981).

To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an Application for Leave to Appeal to the Court of Special Appeals. *See* Md. Code Ann. Crim. Proc. § 7-109. If the Court of Special Appeals denies the application, there is no further review available, and the claim is exhausted. *See* Md. Code Ann. Cts. & Jud. Proc., § 12-202. However, if the application is granted but relief on the merits of the claim is denied, Petitioner must file a Petition for Writ of Certiorari to the Court of Appeals. *See Williams*, 292 Md. at 210-11.

Respondents assert that Moment's direct appeal is still pending because the Court of Appeals has not ruled on the Petition for a Writ of Certiorari. Further, they assert Moment presents several claims in his federal petition which he acknowledges were not presented on direct appeal, but are currently being litigated by him in state post-conviction proceedings.

In reply, Moment counters that he submitted a "Motion for Appropriate Relief," sent a letter to the Attorney General's Office requesting investigation of allegedly illegal court proceedings which was never answered, and filed a Petition for Writ of Coram Nobis and a Petition Writ of Habeas Corpus in the Court of Appeals of Maryland. ECF 6 at 3-4 and Attachments. Moment acknowledges his post-conviction petition is pending. ECF 6 at 3-4. Although Moment has attempted to seek redress in various ways, these actions do not establish

proper exhaustion of available state remedies. *See, e.g., Anthony*, 86 F. Supp. 2d at 536. Under these facts, he fails to demonstrate exhaustion of state court remedies; thus, the Petition will be dismissed without prejudice.[3]

Moment has also failed to demonstrate entitlement to a Certificate of Appealability, which may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

## CONCLUSION

For the above stated reasons, the Petition will be dismissed without prejudice, and a Certificate of Appealability shall not issue.

1/22/14
Date

William D. Quarles, Jr.
United States District Judge

---

[3] Petitioner will be sent a forms and instructions packet for filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 to assist him in the event he intends to pursue his claims following exhaustion of state court remedies. He is cautioned to be mindful of the one-year limitations period that applies to § 2254 motions.